JEFFREY A. ROSENFELD (Bar No. 136896)
GRANT P. ALEXANDER (Bar No. 228446)
**DLA PIPER LLP (US)**
2000 Avenue of the Stars
Fourth Floor North Tower
Los Angeles, CA 90067-6023
Tel: 310.595.3000
Fax: 310.595.3300

Attorneys for Plaintiff
LUMENS CO., LTD.

UNITED STATES DISTRICT COURT FOR THE

CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

| | |
|---|---|
| LUMENS CO., LTD., a Korean corporation,<br><br>            Plaintiff,<br><br>    v.<br><br>GoEco LED LLC, a California limited liability company, and Does 1 through 25,<br><br>            Defendants. | CASE NO. 8:14-cv-01286<br><br>**COMPLAINT FOR:**<br><br>1. **BREACH OF CONTRACT;**<br>2. **UNJUST ENRICHMENT;**<br>3. **OPEN BOOK ACCOUNT; AND**<br>4. **ACCOUNT STATED.**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff LUMENS CO., LTD. (hereinafter "Lumens") complains and alleges as follows:

## I.   PARTIES

1. Plaintiff Lumens Co. Ltd. ("Lumens") is a South Korean based company with its principal place of business located at 456 Gomae-dong, Giheung-gu, Yongin-City, Gyeonggi-do, 446-901, Korea.

2. Defendant GoEco LED LLC ("GoEco") is a California limited liability company, with its principal place of business located at 7545 Irvine Center Drive, Suite 200, Irvine, California 92618.

3. Lumens is ignorant of the true names and capacities, whether individual, associate, partnership, corporate, or otherwise, of Defendants designated herein as Does 1 through 25, inclusive, and therefore sue those Defendants by these fictitious names.  Lumens is informed and believes, and on that basis alleges, that Does 1 through 25, in some way unknown to Lumens, are responsible for the acts and omissions alleged in this Complaint and have incurred liability to Lumens therefor.  Lumens will amend this Complaint to allege the true names and capacities of Does 1 through 25 upon discovery thereof.

4. At all times mentioned herein, each of the Defendants was and is the agent, servant, employee, and co-conspirator of each of the other Defendants, and all of the things alleged to have been done by each Defendant were done in the capacity, scope, and course of said agency, servitude, employment, and conspiracy.

## II.   JURISDICTION AND VENUE

5. This Court has jurisdiction over all causes of action asserted in this Complaint pursuant to 28 U.S.C. section 1332.  The matter in controversy in the instant action far exceeds the $75,000 minimum threshold of this Court.  Lumens was formed in and has its principal place of business in Seoul, Republic of Korea, a foreign state, as defined in 28 U.S.C. section 1603(a).  GoEco is a California limited liability company, with its principal place of business located in Irvine,

1 California. Accordingly, complete diversity exists between the parties to this lawsuit.

6. GoEco is subject to personal jurisdiction in this district because GoEco engaged in unlawful acts in this forum and transacts business within the County of Orange in the State of California. GoEco also maintains its principal place of business in Irvine, California.

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, in that a substantial part of the events or omissions giving rise to the claims asserted herein occurred in this judicial district.

### III. NATURE OF THE ACTION

8. Lumens is in the business of designing and developing light emitting diode ("LED") fixtures for residential and commercial applications. Lumens sells an array of products and sometimes uses non-exclusive "dealers" in the United States and elsewhere to acquire and develop new customers and expand its share of the LED fixtures market. Lumens regularly maintains contractual relationships with dealers, including GoEco.

9. On December 9, 2013, Lumens entered into a Memorandum of Understanding ("MOU") with GoEco, a copy of which is attached hereto as Exhibit "A." Pursuant to the MOU, GoEco acted as a non-exclusive "dealer" of Lumens products. As a dealer of Lumens products on a "buy-sell" basis, GoEco was required to submit purchase orders to Lumens for products sold to customers/end users, the confirmation of which would be reflected in invoices issued by Lumens. GoEco would then be required to remit payment to Lumens for the amounts due under the invoices and the MOU. (See Exhibit "A.") Amounts owed under Lumens' invoices were due net-90 days after date of shipment.

10. From the very outset of its relationship with Lumens, GoEco breached its obligations under the MOU and outstanding invoices by failing and refusing to pay for the vast amount of products which it had ordered and which had been

shipped directly by Lumens to customers/end users. The outstanding amounts owed by GoEco are reflected on thirteen (13) separate invoices for the following orders:

  a. Invoice no. 13-GC-CI-18 for 40 units of "Panel Light 45W 2x4 3500k" in the amount of $8,360.00 (including freight cost $4,000.00) shipped to Specialty Lighting Group, shipped on December 24, 2013, payment due on March 24, 2014;

  b. Invoice no. 13-GC-CI-19 for 560 units of "Panel Light 45W 2x4 3500k" in the amount of $65,440.00 (including freight and insurance cost $4,400.00) shipped to Specialty Lighting Group, shipped on January 1, 2014, payment due on April 1, 2014;

  c. Invoice no. 14-GC-CI-3 for 1,350 units of "Panel Light 36W 2x2 3500k" in the amount of $97,875.00 shipped to Specialty Lighting Group, shipped on January 22, 2014, payment due on April 22, 2014;

  d. Invoice no. 14-GC-CI-2 for 1,350 units of "Panel Light 36W 2x2 3500k" in the amount of $97,875.00 (including freight and insurance cost $4,725.00) shipped to Specialty Lighting Group, shipped on January 15, 2014, payment due on April 15, 2014;

  e. Invoice no. 14-GC-CI-4 for 1,350 units of "Panel Light 36W 2x2 3500k" in the amount of $97,875.00 shipped to Specialty Lighting Group, shipped on February 2, 2014, payment due on May 3, 2014;

  f. Invoice no. 14-GC-CI-5 for 4,050 units of "Panel Light 36W 2x2 3500k" in the amount of $279,450.00 shipped to Specialty Lighting Group, shipped on February 26, 2014, payment due on May 27, 2014;

  g. Invoice no. 14-GC-CI-6 for 1,350 units of "Panel Light 45W 2x4 3500k" in the amount of $93,150.00 shipped to Specialty Lighting Group, shipped on March 20, 2014, payment due on June 18, 2014;

  h. Invoice no. 14-GC-CI-7 for 275 units of "Panel Light 45W 2x4 3500k" in the amount of $33,550.00 shipped to GELB Lighting, shipped on March 21, 2014, payment due on June 19, 2014;

  i. Invoice no. 14-GC-CI-7 for 47 units of "Panel Light 45W 2x2 4100k" in the amount of $3628.87 shipped to GELB Lighting, shipped on March 21, 2014, payment due on June 19, 2014; and

  j. Invoice no. 14-GC-CI-8 for 1,350 units of "Panel Light 45W 2x4 3500k" in the amount of $93,150.00 shipped to Specialty Lighting Group, shipped on April 3, 2014, payment due on July 2, 2014.

  k. Invoice no. 14-GC-CI-09 for 1,350 units of "Panel Light 36W 2x2" in the amount of $93,150.00 shipped to Specialty Lighting Group, shipped on April 10, 2014, payment due on July 9, 2014;

  l. Invoice no. 14-GC-CI-12 for 20 units of "Panel Light 36W 2x2" in the amount of $1,380.00 shipped to Specialty Lighting Group, shipped on April 16, 2014, payment due on July 15, 2014; and

  m. Invoice no. 14-GC-CI-11 for 1,350 units of "Panel Light 36W 2x2" in the amount of $93,150.00 shipped to Specialty Lighting Group, shipped on April 17, 2014, payment due on July 16, 2014.

 11. The thirteen (13) separate invoices total $1,058,033.87 in amounts due to Lumens.

 12. On July 3, 2014, Lumens made a written demand on GoEco for payment of the amounts then due and owing as evidenced by the outstanding invoices. On July 10, 2014, counsel for GoEco contacted counsel for Lumens, and requested an additional week to respond to Lumens' written demand. Lumens granted that extension to GoEco. However, to date, GoEco has neither responded substantively to Lumens' demand, nor has it paid any of the outstanding amounts owed to Lumens.

## FIRST CAUSE OF ACTION

**(Breach of Contract - Against GoEco and Does 1 through 25)**

13. Lumens realleges and fully incorporates by reference the preceding paragraphs as though fully set forth herein.

14. On or about December 9, 2013, Lumens and GoEco entered into and executed the MOU. The MOU is a valid and enforceable written contract.

15. As a dealer of Lumens products, GoEco sent purchase orders to Lumens for products ordered, and Lumens invoiced GoEco for the orders placed.

16. Between December 25, 2013 and April 17, 2014, Lumens fulfilled product orders reflected in thirteen (13) separate invoices transmitted to GoEco for orders for various customers/end users. The amounts reflected in those thirteen (13) separate invoices totaled $1,058,033.87. However, to date, GoEco has and continues to fail to pay any of the amounts due under the outstanding invoices.

17. As a result of GoEco's failure to remit payment in full, GoEco is in material breach of the MOU and the outstanding invoices.

18. Lumens has performed all conditions, covenants, and promises required of it in accordance with the terms of the MOU and the outstanding invoices, except for those which have been waived or excused by GoEco.

19. As a direct and proximate result of GoEco's breach, Lumens has suffered damages of at least $1,058,033.87, plus interest thereon. Lumens is also entitled to an award of lost profits and other damages, in an amount to be proven at trial. The exact amount of these damages is currently unknown, but is believed to be in excess of the jurisdiction of this Court.

## SECOND CAUSE OF ACTION

**(Unjust Enrichment - Against GoEco and Does 1 through 25)**

20. Lumens realleges and fully incorporates by reference the preceding paragraphs as though fully set forth herein.

21. GoEco has wrongfully obtained Lumens' product valued at $1,058,033.87 for product shipped directly to customers/end users and for which GoEco has failed to remit payment.

22. GoEco has retained Lumens' product without payment despite its obligations under the MOU, the outstanding invoices, the DSL Agreement, and despite Lumens' written demand for payment on July 3, 2014.

23. GoEco knowingly and voluntarily accepted and retained Lumens' product under circumstances that makes it inequitable for GoEco to retain that product. GoEco should be required to remit the amounts due to Lumens based upon the outstanding invoices and the DSL Agreement.

24. GoEco has been unjustly enriched at Lumens' expense, and as a result of the unjust enrichment, Lumens has suffered damages of at least $1,058,033.87, plus interest thereon.

## THIRD CAUSE OF ACTION

**(Open Book Account – Against GoEco and Does 1 through 25)**

25. Lumens realleges and fully incorporates by reference the preceding paragraphs as though fully set forth herein.

26. Lumens and GoEco engaged in numerous financial transactions under the MOU and the DSL Agreement, which required GoEco to remit payment to Lumens for the orders submitted to and filled by Lumens for the benefit of customers/end users.

27. Lumens has maintained an account of the debits and credits involved in the transactions at issue, and has provided that accounting to GoEco.

28. GoEco owes Lumens monies in the amount of at least $1,058,033.87, plus interest thereon on the account at issue.

## FOURTH CAUSE OF ACTION

### (Account Stated – Against GoEco and Does 1 through 25)

29. Lumens realleges and fully incorporates by reference the preceding paragraphs as though fully set forth herein.

30. GoEco owes Lumens at least $1,058,033.87 from previous transactions between the parties on outstanding invoices under the MOU and the DSL Agreement.

31. Lumens and GoEco, by conduct, agreed that the amount due to Lumens was the correct amount owed to Lumens, as GoEco was the party responsible for remitting payment in full for product Lumens shipped to customers/end users.

32. GoEco has not paid Lumens any of the amounts owed under this account.

33. GoEco owes Lumens at least $1,058,033.87, plus interest thereon. Lumens is also entitled other damages, in an amount to be proven at trial.

## PRAYER FOR RELIEF

WHEREFORE, Lumens prays for relief as follows:

A. Damages according to proof, but in no event less than $1,058,033.87;

B. Prejudgment interest; and

C. Any other relief the Court deems just and proper.

Dated: August 12, 2014

DLA PIPER LLP (US)

By _____
JEFFREY A. ROSENFELD
GRANT P. ALEXANDER
Attorneys for Plaintiff
LUMENS CO., LTD.